IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) Matthew Harrison,<br><br>Plaintiff,<br><br>v.<br><br>(1) William Thurman,<br>(2) Nimesh Patel,<br>(3) New Redbird Business Group, LLC,<br>(4) Redbird Realty, LLC,<br>(5) RBBG Development Partners, LLC,<br>(6) Mariteq Growers LLC d/b/a Redbird Growers,<br>(7) Mariteq Processors LLC d/b/a Redbird Bioscience,<br>(8) Stillwell Technology Property LLC,<br>(9) RB Bioscience Stillwell LLC,<br>(10) Tactical Transportation LLC,<br>(11) Redbird OKC MM Processing LLC,<br>(12) Redbird Ventures, LLC,<br>(13) BTX7 Holdings LLC,<br>(14) DKNS LLC<br>(15) RB Crew LLC<br>(16) Redbird Bioscience Oklahoma, LLC,<br>(17) RB RealtyCo, LLC,<br>(18) Redbird Business Group, LLC<br><br>Defendants | Case No. CIV-24-329-GLJ<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

COMES NOW Plaintiff Matthew Harrison ("Harrison" or "Judgment Creditor"), by and through his undersigned attorneys, as and for his Complaint against Defendants, and alleges and states as follows:

**Nature of the Action**

1. This action arises out of Defendants' efforts to frustrate Harrison's rights as a judgment creditor. Defendants have abused the corporate form, engaged in multiple fraudulent

transfers, and attempted to prevent Harrison from collecting on his judgment against the three Redbird judgment debtors, entered by this Court in *Redbird Business Group, LLC et al. v. Harrison*, 6:20-cv-00098-JAR (the "Litigation").

2. Following a non-jury trial in July 2022 and an initial judgment entered in March 2023, this Court entered an Amended Judgment dated March 27, 2024 in favor of Harrison against Redbird Business Group, LLC, Redbird Bioscience Oklahoma, LLC, and RB RealtyCo, LLC ("Judgment Debtors" or "Redbird") and granted Harrison attorney's fees, pre-judgment interest and post-judgment interest. In total, Harrison was awarded $437,500.00 in damages and specific performance of unit grants (Dkt. 199), $1,212,552.00 in attorney fees (Dkt. 202), $7,889.95 in costs (Dkt. 201), pre-judgment interest in the amount of $100,078.13 and post-judgment interest pursuant to U.S.C. § 1961(a) (Dkt. 200)—a sum of $1,758,020.08, along with post-judgment interest and specific performance of the unit grants that Harrison is owed by Redbird (the "Judgment").[1]

3. Recognizing that they had no basis to challenge the Judgment on the merits, the Judgment Debtors recently unilaterally dismissed their appeal of it. Therefore, there are no grounds to stay or delay collection of the Judgment. The Judgment is final.

4. Nevertheless, the Judgment Debtors have refused to pay the Judgment.

5. As set forth below, the Judgment Debtors are Bill Thurman's alter egos. The Court should "pierce the corporate veil" and hold Thurman personally liable for the Judgment due to Thurman's complete domination and control of the Redbird entities.

---

[1] This Court held an asset hearing on the Judgment Debtors in June 2024. Many of the allegations contained herein are based on documents and information provided at that asset hearing. The asset hearing remains open due to outstanding requests for documents and information.

6. Based on Thurman's own testimony at trial, this Court found that Thurman exercises "autocratic control" over the Redbird companies and "makes all the decisions for Redbird." (Dkt. 198, Am. Opinion & Order ¶ 2.) Thurman is using his "autocratic control" to perpetrate a fraud by loading the Judgment Debtors with fictious debt and transferring their cash to himself and his co-conspirator Nimesh Patel to prevent Harrison from collecting the Judgment.

7. 

8. 

Defendants should be directly liable for the Judgment and the transfers identified below should be voided.

### Jurisdiction & Venue

9. The amount in controversy in this action exceeds the sum of $75,000, exclusive of interest and costs.

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

11. This Court has personal jurisdiction over Defendants because of their substantial activity within the district.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

### Parties

13. Plaintiff Matthew Harrison is an individual residing in Connecticut.

14. Defendant William Thurman ("Thurman") is an individual residing in Arkansas.

15. Defendant Nimesh Patel ("Patel") is an individual residing in Texas.

16. Defendant New Redbird Business Group, LLC is a Delaware LLC managed by Thurman and Patel.

17. Defendant Redbird Realty, LLC is an Oklahoma LLC managed by Thurman and Patel.

18. Defendant RBBG Development Partners, LLC is an Oklahoma LLC.

19. Defendant Mariteq Growers LLC d/b/a Redbird Growers ("Mariteq Growers") is an Oklahoma LLC.

20. Defendants Mariteq Processors LLC d/b/a Redbird Bioscience ("Mariteq Processors") is an Oklahoma LLC.

21. Defendant Stillwell Technology Property LLC is an Oklahoma LLC.

22. Defendant RB Bioscience Stillwell LLC is an Oklahoma LLC managed by Thurman and Patel.

23. Defendant Tactical Transportation LLC is an Oklahoma LLC.

24. Defendant Redbird OKC MM Processing LLC is an Oklahoma LLC.

25. Defendant Redbird Ventures, LLC is an Oklahoma LLC managed by Thurman.

26. Defendant RB Crew LLC is an Oklahoma LLC.

27. Defendant BTX 7 Holdings LLC is a Delaware LLC ("BTX 7"), incorporated in Delaware with its registered agent in Oklahoma. Thurman owns and controls BTX 7.

28. Defendant DKNS LLC is a Texas LLC ("DKNS") with Patel as its registered agent. Patel owns and controls DKNS.

## **GENERAL ALLEGATIONS**

29. Defendants Thurman and Patel are owners and managers of Redbird, a group of entities including the Judgment Debtors, Redbird Ventures LLC, Mariteq Growers, Mariteq Processors and others.

30. The Redbird group of companies operate a medical marijuana business in Stillwell, Oklahoma. Redbird Bioscience Oklahoma, LLC was a professional-service company, employing the managers of Redbird's day-to-day business. RB RealtyCo, LLC owns the real property of the business in Stillwell, including the growing facility for Redbird's medical marijuana business. Redbird Business Group, LLC is a holding company that owns the majority of the ownership units of RB RealtyCo and Redbird Bioscience. Redbird Ventures LLC controls Redbird Business Group.

31. The Redbird group of companies also includes the following defendants: New Redbird Business Group, LLC, Redbird Realty, LLC, RBBG Development Partners, LLC, Mariteq Growers, Mariteq Processors, Stillwell Technology Property LLC, RB Bioscience Stillwell LLC, Tactical Transportation LLC, Redbird OKC MM Processing LLC, and RB Crew LLC.

32. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

33. Thurman owns approximately 50% of Redbird Ventures LLC and is its manager. Thurman is the controlling shareholder of Redbird Bioscience and RB RealtyCo. He also controls BTX 7.

34. Thurman is the founder of Redbird and its manager.

35. Patel is a medical doctor. He owns approximately 50% of Redbird Ventures LLC and assists Thurman in management of the Redbird business. He also controls DKNS.

36. Thurman disregarded the separate existence of the Redbird entities and exercised complete dominion and control over them.

37. Each of the Redbird entities is an alter ego of Thurman.

38. Each of the Redbird entities is and was at all relevant times undercapitalized.

39. ████████████████████████████████████████████████████████████████████████████████████████████████

40. ████████████████████████████████████████████

41. ████████████████████████████████████████████████████████████

42. ████████████████████████████████████

43. As this Court found, Thurman exercises "autocratic control" over the Redbird companies and "makes all the decisions for Redbird." (Am. Opinion & Order ¶ 2.) "[D]ecision making to commit any of the Redbird entities lies with Thurman" and "Thurman makes the day-to-day business decisions for the Redbird entities." (*Id.*)

44. ████████████████████████████████████████████████████████████████████████████████████████████████

45. ██████████████████████████████████
██████████████████████████████

46. ██████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████

47. ██████████████████████████████████
████████████████████████████████████
██████████████████████████████

- ████████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
██████████████████████

---

[2] ████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████

4855-0157-3603, v. 5



- [redacted]
- [redacted]

[redacted]

- [redacted]
- [redacted]
- [redacted]
- [redacted]





- [redacted]
- [redacted]
- [redacted]
- [redacted]
- [redacted]
- [redacted]

[redacted]

[redacted]

- [redacted]
- [redacted]
- [redacted]
- [redacted]
- [redacted]
- [redacted]
- [redacted]
- [redacted]



- ████████████████████████████████
- ████████████████████████████████
- ████████████████████████████████
- ████████████████████████████████

48. ████████████████████████████████

49. ████████████████████████████████

50. ████████████████████████████████

51. ████████████████████████████████

52. ████████████████████████████████

53.   In addition, Thurman and Patel have also disregarded the corporate form with respect to two other companies in the Redbird group: Mariteq Processors and Mariteq Growers. The Mariteq entities hold licenses to operate medical marijuana businesses in Oklahoma and they provide the cash flow to the Redbird companies.

11



54. [redacted].

55. [redacted]

56. [redacted]

57. [redacted]

58. [redacted]

59. [redacted]

60. [redacted]

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

61. Despite Harrison's repeated efforts to seek payment of the Judgment, the Judgment Debtors have stonewalled him. Defendants' actions have been clear: after preemptively suing Harrison in Oklahoma based on a lie, pursuing that baseless litigation for four years, and then losing at trial, Thurman, Patel and the other Defendants will do everything they can to prevent Harrison from ever collecting on his Judgment.

## CAUSES OF ACTION

### Claim One: Alter Ego-Piercing the Corporate Veil Against Thurman

62. Harrison repeats the allegations set forth in all paragraphs above as if fully set forth herein.

63. Thurman used the separate corporate existence of the Judgment Debtors in a scheme to perpetuate a fraud, including the Fraudulent Transfers set forth above.

64. The Judgment Debtors are each the alter ego of Thurman.

65. ██████████████████████████████████████████████████████ ████████████████████████████████████

██████████████████████████████████████████ ████████████████████████

67. ██████████████████████████████████████

██████████████████████████████████████ ████████████████████████████

68. Each of the Judgment Debtors is essentially a sham corporation.

69. Thurman exercises "autocratic control" over the Judgment Debtors, controlling all financial transfers, payments, loans, and debts and making all decisions for them.

70. Thurman is abusing the corporate form to prevent Harrison from collecting on his Judgment.

71. The facts here require the Court to disregard the separate existence of the Judgment Debtors in order to protect Harrison's rights as a creditor.

72. Harrison respectfully requests that the Court pierce the corporate veil of the Redbird entities to enter judgment in the full amount owed by the Judgment Debtors to Harrison, $1,758,020.08, plus judgment interest, and attorney fees for this action against Thurman personally.

**Claim Two: Piercing the Corporate Veil and Entering Judgment Against Mariteq Processors and Mariteq Growers**

73. Harrison repeats the allegations set forth in all paragraphs above as if fully set forth herein.

74. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

75. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

76. ████████████████████████████████████████████████████████████

77. ████████████████████████████████████████████████████

78. ███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████

79. ███████████████████████████████████████████████████████████

80. The interest of justice require that the Court enter judgment against Mariteq Processors and Mariteq Growers for the amount owed by the Judgment Debtors.

81. Harrison respectfully requests that the Court pierce the corporate veil of Redbird to enter the Judgment in the full amount owed by the Judgment Debtors to Harrison, $1,758,020.08, plus judgment interest and attorney fees for this action, against Mariteq Processors and Mariteq Growers.

**Claim Three: Fraudulent Transfer Against All Defendants**

82. Harrison repeats the allegations set forth in all paragraphs above as if fully set forth herein.

83. The Fraudulent Transfers set forth above are fraudulent transfers under 24 O.S. §§ 112 – 123.

84. Defendants who received the Fraudulent Transfers are also liable to Harrison for the value of the transfers they received.

85. ███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████

86. ███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████

4855-0157-3603, v. 5



87. ▮

88. ▮

89. ▮

90. ▮

91. ▮

92. ▮

93. ▮

94. Harrison respectfully requests that the Court enter judgment in the full amount owed by the Judgment Debtors to Harrison, $1,758,020.08, plus judgment interest and attorney fees for this action, against each Defendant.

95. Harrison respectfully requests that the Court void and set aside the Fraudulent Transfers. In the alternative, Harrison requests that the Court levy execution on the proceeds of the Fraudulent Transfers.

### Claim Four: Unjust Enrichment Against Thurman and Patel

96. Harrison repeats the allegations set forth in all paragraphs above as if fully set forth herein.

97. In the alternative to his remedies at law set forth above, Thurman and Patel should be liable for unjust enrichment for the money they have unjustly received from the Redbird entities up to the amount of the Judgment.

98. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

99. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

100. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

101. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

102. Accordingly, Harrison requests that, in the alternative to his claims at law, the Court find that Thurman and Patel have been unjustly enriched by the Judgment Debtors and other Redbird entities and that such funds are ordered to be paid to Harrison to satisfy his Judgment.

WHEREFORE, Plaintiff respectfully demands the Court award Harrison judgment as follows:

    (a) Judgment Debtors' corporate veil be pierced and enter judgment against Thurman, Mariteq Growers, and Mariteq Processors, in the amount of $1,758,020.08, plus judgment interest;

    (b) Each transferee be held liable for the amount of the transfers, so that Harrison's Judgment will be paid.

    (c) All Fraudulent Transfers be voided and declared null and void;

4855-0157-3603, v. 5

(d) Punitive damages in an amount to be determined at trial for the Fraudulent Transfers, but in any event, no less than $2,000,000;

(e) Harrison's attorney's fees and costs; and

(f) Such other relief as this Court finds just and proper.

Dated: September 13, 2024

          *s/ Adam C. Doverspike*
R. Trent Shores, OBA No. 19705
Adam C. Doverspike, OBA No. 22548
GABLEGOTWALS
110 N. Elgin Avenue, Suite 200
Tulsa, Oklahoma 74120
(918) 595-4800
tshores@gablelaw.com
adoverspike@gablelaw.com

*Attorneys for Plaintiff and Judgment Creditor Matthew Harrison*